# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA,   )
                            )
                            )
v.                          )   No. 06 CR 342
                            )
                            )
MCRAY BRIGHT,               )
                            )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the motion by the United States of America ("Government") for revocation of the release order relating to Defendant McRay Bright ("Bright'). For the reasons stated below, we grant the motion and order Bright's detention.

## BACKGROUND

On May 12, 2006, Bright was charged by criminal complaint with the armed bank robbery of a LaSalle Bank branch in Chicago, Illinois. According to the complaint, the government contends that three robbers, including Bright, entered the LaSalle Bank on March 28, 2006, and Bright pointed a gun at the face of a bank teller, announced the robbery, demanded access to the bank's vault, and struck a security guard in the face with the gun. In addition, the Government contends that

1

Bright struck a bank manager in the head with the gun while the manager was attempting to open the vault. The Government contends that the robbers ordered bank employees to fill a bag with money and ordered the employees to get money from the tellers' drawers. The robbers took over $80,000 in money, and ordered the bank employees and customers to get inside the vault. Bright was arrested on May 15, 2006, by the Chicago Police Department, and on May 16, 2006, the FBI took custody of Bright. While he was handcuffed, Bright attempted to escape from the FBI's custody by running down a hallway, knocking through two sets of doors, and running into the parking lot, where he was apprehended.

On May 18, 2006, Magistrate Judge Ashman entered a finding of probable cause, and Bright was ordered detained pending a motion for bond by Bright. On June 15, 2006, Magistrate Judge Nolan held a detention hearing and ordered Bright released on a $10,000 unsecured bond that was co-signed by the mother of Bright's girlfriend and his two sisters. Bright was ordered released to the custody of his girlfriend's mother and the court ordered electronic monitoring. The Government now moves for the revocation of Judge Nolan's order.

## DISCUSSION

The Government seeks a revocation of Bright's release order pursuant to 18 U.S.C. § 3145(a)(1), which states that "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original

jurisdiction over the offense and other than a Federal appellate court . . . the attorney for the Government may file . . . a motion for revocation of the order or amendment of the conditions of release . . . ." 18 U.S.C.A. § 3145 (a)(1). The Seventh Circuit has held that "[a]lthough § 3145(a)(1) speaks of 'review' by the district judge, the court may start from scratch . . . [and that a] district judge who elects to do this, however, must follow the same procedures that apply to the taking of evidence before the magistrate judge." *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).

On June 16, 2006, we conducted a detention hearing de novo. At the hearing, Bright was represented by counsel and was afforded an opportunity to testify, to present witnesses, to cross-examine any witnesses, and to present information by proffer or otherwise. Both the Government and counsel for Bright elected to present information and evidence by proffer.

The Government argued that Bright is a flight risk for a number of reasons, including that: (a) Bright attempted to escape from FBI custody after his arrest at the Chicago Police Department, (b) Bright has forfeited bond in prior state criminal matters, ( c) the money obtained in the robbery has not been recovered, (d) Bright has no family members who are able to post collateral for a bond, (e) Bright committed the instant bank robbery offense while on supervised release for a state conviction, and (f) Bright's co-conspirators have not yet been apprehended and are presumably still in the community. Bright argued that he does not pose a flight risk

because he has significant ties to the community, and that he is eighteen years old and does not have the money or means to leave the court's jurisdiction. Bright also argued that when he attempted to escape from the FBI's custody, he was intimidated and made a "dumb mistake." Bright further argued that a condition requiring home custody with electronic monitoring would prevent him from leaving the jurisdiction of the court. Finally, Bright argued that two of his prior bond forfeitures were simply due to late arrivals at the state court and that the third was due to the fact that he was in custody following his arrest in this case.

The Government also argued that Bright would pose a danger to the safety of another person or the community if he is not detained. In support of this contention, the Government argued that: (a) Bright is charged with committing a violent crime of bank robbery that involved the use of a firearm, (b) Bright struck bank employees during the commission of the robbery, ( c) the firearm used in the robbery has not yet been recovered, (d) Bright's co-conspirators are still at large, and (e) Bright committed the instant offense while on supervised release for a state conviction. Bright argued that he is not a threat to the safety of the community because a condition requiring home custody with electronic monitoring would prevent him from being a danger to the community. Bright also argued that he has no past convictions for violent crimes, and that since the gun was not recovered, it has not been shown that there was a gun used in the commission of the instant offense.

The Seventh Circuit has held that in assessing a defendant's risk of flight, a

district court should apply the preponderance of the evidence standard. *See United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985)(indicating that the preponderance of the evidence standard applies for the flight risk analysis). In assessing whether a defendant poses a threat of danger to the community, a district court should apply a clear and convincing evidence standard. *See United States v. Salerno*, 481 U.S. 739, 751 (1987). In making these determinations, we have considered the factors contained in 18 U.S.C. § 3142(g), which states that "[a] judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

We have considered each of the factors contained in 18 U.S.C. § 3142(g), and find that each factor supports detaining Bright. First, Bright is charged with a serious crime, in which a gun was used and people were physically harmed. Second, the evidence against Bright is strong, as seen by probable cause finding by Judge Ashman and the fact that a bank teller was able to identify Bright after the robbery. A cooperating witness has also identified Bright on a bank surveillance video and described Bright's plans prior to the robbery. Third, Bright's history supports a finding that he poses both a risk of flight and a danger to the community. Bright has several prior arrests, he was convicted of a state offense only five days before he committed the instant offense, and he was under court supervision for the state conviction at the time of the robbery. In addition, Bright has forfeited bonds in prior state matters and has admitted to daily drug use. Bright argues that the court should consider the fact that he is only eighteen years old, and therefore not equipped emotionally or physically for a detention facility. Bright, however,

is an adult and is charged with committing a serious violent crime. Fourth, releasing Bright would pose a serious threat to the community, as seen by the fact that he is charged with committing a violent offense while under court supervision, which shows that Bright does not respect the conditions of release set by courts.

We find that the Government has met its burden in regard to showing that Bright poses a flight risk. The fact that Bright committed the instant offense while on supervised release for a state conviction and the fact that he has forfeited bond in prior state criminal matters shows, by a preponderance of the evidence, that he is likely to not respect the court's conditions of release, as does the fact that he has already attempted to escape custody during this matter. In addition, Bright is unable to post any collateral for his bond and none of his co-conspirators have yet been apprehended, both of which increase his risk of flight. Finally, the $80,000 taken during the robbery is yet to be apprehended, which means that Bright could have a means of leaving the court's jurisdiction if he is released. Therefore, we find that Bright poses a risk of flight sufficient to order his detention.

In addition, we also find that the Government has met its burden in regard to showing that Bright poses a danger to the community. Bright is charged with committing a serious violent crime that involved several co-conspirators, the use of a gun, and violence against bank employees. Neither

the gun nor the co-conspirators have been apprehended at this point in time. Bright also committed the instant offense while he was under court supervision for a state conviction, which shows that he does not respect court-provided conditions of release. Therefore, we find that Bright poses a risk of danger to the community that is sufficient to order his detention.

## CONCLUSION

Based on the foregoing analysis, we grant the Government's motion for revocation of the release order relating to Bright and order Bright's detention. Bright is hereby ordered remanded to the custody of the U.S. Marshal until further order of the Court.

```
                                    _____
                                    Samuel Der-Yeghiayan
                                    United States District Court Judge
```

Dated:  June 16, 2006